UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SCHWANN TISBY, Individually,
and as parent of TJK, a Minor,

    Plaintiffs,

vs.                                             Case No.   3:21-cv-1218-MMH-MCR

FAMILY DOLLAR STORES OF
FLORIDA, LLC,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question

jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On December 13, 2021, Defendant Family Dollar Stores of Florida, LLC filed a notice of removal, seeking to remove this action from the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. See generally Defendant's Notice of Removal (Doc. 1; Notice). In the Notice, it appears Defendant seeks to invoke the Court's subject matter jurisdiction on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. See id. ¶¶ 3, 9. However, upon review of the Notice, the underlying Complaint for Damages (Doc. 1-5), and the documents attached to the Notice, the Court is unable to determine whether it has diversity jurisdiction over this action because Defendant has not adequately pled the citizenship of the Plaintiffs. See Taylor v. Appleton, 30 F.3d, 1365, 1367 (11th Cir. 1994).

For a court to have diversity jurisdiction under 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. In the Notice, Defendant alleges that "Plaintiff is a citizen of the State of Florida." See Notice ¶ 3. Presumably, this allegation is meant to identify the citizenship of Plaintiff Schwann Tisby, individually. However, Tisby also brings this action as the parent of TJK, a minor. Pursuant to 28 U.S.C. § 1332(c)(2), "the legal representative of an infant or incompetent shall be deemed

to be a citizen only of the same State as the infant or incompetent."  Because the citizenship of TJK is not identified in the Notice or Complaint, the Court is unable to determine whether it has diversity jurisdiction over this action.[1]

In addition, the Court notes that Defendant failed to properly redact the Notice and its exhibits to remove the name of the minor child as required by the Federal Rules of Civil Procedure (Rule(s)) and the Administrative Procedures for Electronic Filing in this Court (CM/ECF Admin. P.).  Pursuant to Rule 5.2,

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . a party or nonparty making the filing may include only: . . . (3) the minor's initials.

See Rule 5.2(a)(3); see also CM/ECF Admin. P., Part G.  Here, the Notice refers to the minor child by her full last name, see, e.g., Notice ¶¶ 6, 9, and attaches a March 29, 2019 letter, id., Ex. D, which includes the child's first and last name throughout.  Pursuant to the CM/ECF Administrative Procedures, "[i]t is the responsibility of every lawyer . . . to redact personal identifiers before filing pleadings, motions, memoranda, exhibits and other documents with the court."  See CM/ECF Admin. P., Part G, ¶ 1.  Indeed, "[t]he filing party is responsible for verifying that appropriate and effective methods of redaction have been used."  Id.  Accordingly, the Court will strike the Notice and its Exhibit D and

---

[1] Although the Complaint alleges that TJK is a resident of Florida, see Complaint ¶ 2, this is not sufficient to establish her citizenship.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.")

direct Defendant to file a properly redacted, amended notice which provides the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action

Accordingly, it is

**ORDERED:**

1. The Notice of Removal (Doc. 1) and Exhibit D (Doc. 1-4) are **STRICKEN**, and the Clerk of the Court is directed to **remove** these documents from the Court docket.

2. Defendant Family Dollar Stores of Florida, LLC shall have up to and including **December 30, 2021**, to file a properly redacted amended notice of removal which provides the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida on December 14, 2021.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:
Counsel of Record